UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 3:22-CR-303 |
| v. : | |
| : | (Judge Mariani) |
| JEFFREY VAUGHN, : | |
| : | |
| Defendant : | |

GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through Jeffery St John, Assistant United States Attorney, and files this Sentencing Memorandum in anticipation of the sentencing hearing presently scheduled for defendant Jeffrey Vaughn on April 27, 2023.

The Government respectfully sets forth the following considerations as aid to the Court in arriving at an appropriate sentence in this case:

Mr. Vaughn was a law enforcement officer for over 20 years, and the Government accepts the notion that, for most of that time, he was a good one. This prior record of public service is to Vaughn's credit, and in arriving at what constitutes a fair and just sentence in this case, the Court should properly credit him for it.

1

The ultimate question, of course, is how precisely to balance the good that Mr. Vaughn did as a police officer (and the other positive aspects of his background that will be emphasized by the defense) against the deep injury to public trust that inevitably results when any police officer but, perhaps, especially, when a "good" one, is found to have lied, cheated and stolen from the public at large or, as in this case, from particular victim-members of the public.

Police officers, by virtue of their sworn position, hold power over citizens, certainly over their liberty and sometimes, even, over their lives.  And while we all recognize that police officers are human beings, and are therefore subject to the same frailties that afflict all other human beings, there is still something deeply troubling when one violates the law, and particularly when one violates the law in a way that reflects dishonesty.  Because whether totally founded or not, the citizen who comes to learn of this dishonesty naturally forms a worry, a disquieting concern that is something like – "if a police officer is willing to lie and cheat the system just to fill his own pockets with a little extra money, what else would he be willing to lie and cheat about, if it suited his narrow purposes to do so?"

This societal worry, this undermining of faith in law enforcement and the justice system, is a real social harm.  It was a real social harm even years ago, back before it became fashionable to try to tear down "the police" as an institution.  But it is especially a social harm today when there are an array of bad actors who would, for their own cynical ends, try to paint our entire justice system as unfair and corrupt to its very core.

Fair or not, police officers, and prosecutors and judges, too, must understand that when they accept a position in our criminal justice system, and they do wrong, as Mr. Vaughn did here, the penalty that they will face will be informed, at least to a degree, by these overarching social considerations.  It is simply part of the price of power.

It reflects poorly on Mr. Vaughn, as a person, that he took money for work that he did not do and never intended to do, just as it would reflect poorly on any contractor who took someone's money never intending to do the job.  But it reflects extra poorly on Vaughn that he did so in his capacity as a police officer, while sworn to uphold the law, and that while wearing a uniform that should be synonymous with

"public safety," he apparently cared so little for it that on dozens of occasions he didn't even bother to pass a single time through the lower income housing complexes that were paying for his time.

A low income housing project spends extra money on security for the benefit of its lower income residents, and some of the police officers who sign up for the shifts and pocket the money don't even bother to show up.

Talk about ammunition for the cynics.

But this Court should not be cynical. This Court should recognize the good, prior service of Mr. Vaughn, balance it against the dishonest, criminal conduct that brings us to this sentencing, and impose a sentence no greater than necessary to achieve a just result. In the Government's view, such a sentence would include a modest custodial term within the guideline range and, at least as important from the Government's perspective, a condition of supervised release that Vaughn perform a significant number of hours of community service at

the affected housing complexes and/or for the benefit of their residents.

                                        Respectfully submitted,

                                        <u>s/ Jeffery St John</u>
                                        Jeffery St John
                                        Assistant U.S. Attorney

Dated: April 21, 2023

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on April 21, 2023 she served a copy of the attached:

## GOVERNMENT'S SENTENCING MEMORANDUM

By ECF Filing upon the following:

Paul Walker, Esq.

/s/ Donna Borgia
Legal Assistant